# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **IRIS MONTERROSO,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § § | |
| | § | _____ |
| **WAL-MART ASSOCIATES, INC.** | § § | |
| **Defendant.** | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.

## INTRODUCTION

Plaintiff Iris Monterosso files this Original Complaint against Defendant Wal-Mart Associates, Inc.

## II.

## PARTIES

1. Plaintiff is an individual and a citizen of Dallas County, Texas.

2. Defendant Wal-Mart Associates, Inc. (Defendant) is a corporation organized under the laws of the state of Delaware with its principal place of business located at 702 SW 8th Street, Dept 8687 0555, Bentonville, Arkansas 72716. Defendant may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

4. Defendant employs the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

## IV.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Collin County.

6. Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

# V.

## BACKGROUND FACTS

7. Plaintiff has worked for Defendant since 2003 and her current position is Customer Service Associate.

8. Beginning in or around May 2020, Plaintiff was subjected to unwanted sexual advances from male Replenishment Lead Chenar Fatah, who was Plaintiff's superior and had the authority to influence the decision to terminate Plaintiff's employment.

9. On or around May 30, 2020, Fatah asked Plaintiff to buy him food from the Whataburger restaurant next door.

10. When Plaintiff did so, Fatah attempted to put the money for the food between Plaintiff's breasts.

11. Plaintiff rejected this advance.

12. Fatah then propositioned Plaintiff for sex, saying that he had been thinking about her and that when Plaintiff was working he wanted to be with her and that he wanted Plaintiff to touch his genitals.

13. Plaintiff rejected these advances as well.

14. After learning that Fatah was harassing other women, including a 16 year old employee, Plaintiff reported this harassment to Assistant Manager Janine McMahon.

15. Fatah continued to ask Plaintiff about having sex, which she continued to reject.

16. Because Plaintiff continued to have to work with Fatah, Plaintiff asked Co-Manager Josh Crawford about the status of Defendant's investigation into the complaint she made to McMahon.

17. Crawford told Plaintiff that Fatah only received a "coaching" and that Plaintiff could submit an Open Door report, i.e. a formal report to Defendant's corporate office.

18. Plaintiff did so on or around November 2020 and continued to have to work with Fatah.

19. Upon information and belief, Defendant maintains a "Zero Tolerance" policy regarding sexual harassment.

## VI.

## CONDITIONS PRECEDENT

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

21. The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

22. Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

A. **First Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Title VII**

23. Plaintiff incorporates each of the foregoing paragraphs.

24. Defendant discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

25. Fatah's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

26. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**B.  Second Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—TCHRA[1]**

27. Plaintiff incorporates each of the foregoing paragraphs.

28. Defendant discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

29. Fatah's conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

30. Defendant's actions violated section 21.051 of the Texas Labor Code.

## VIII.

## DAMAGES

31. Plaintiff incorporates each of the foregoing paragraphs.

32. Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a) which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

33. Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

34. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

35. Plaintiff seeks all damages available under federal law.

---

[1] Texas Commission on Human Rights Act.

36. Defendant's actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

37. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

38. Plaintiff seeks all damages available under the TCHRA.

## IX.

## ATTORNEYS' FEES AND COSTS

39. Plaintiff incorporates each of the foregoing paragraphs.

40. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

41. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

42. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## RESPONDEAT SUPERIOR

43. Plaintiff incorporates each of the foregoing paragraphs.

44. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

# XI.

# INJUNCTIVE AND DECLARATORY RELIEF

45. Plaintiff incorporates each of the foregoing paragraphs.

46. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    c. Paying court costs;

    d. A declaration that Defendant violated Plaintiff's rights under state and federal law and engaged in unlawful employment discrimination,

    e. Any additional equitable relief as the Court deems proper.

# XII.

# JURY DEMAND

47. Plaintiff incorporates each of the foregoing paragraphs.

48. Plaintiff demands a trial by jury.

# XIII.

## **CONCLUSION AND PRAYER**

49. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

- A. Compensatory damages;
- B. Punitive damages;
- C. Injunctive and declaratory relief, including but not limited to, an Order:
    - a. Prohibiting Defendant from engaging in unlawful discrimination;
    - b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;
    - c. Paying court costs;
    - d. A declaration that Defendant violated Plaintiff's rights under state and federal law and engaged in unlawful employment discrimination; and
    - e. Any additional equitable relief the Court deems proper;
- D. Courts costs;
- E. Pre-judgment and post-judgment interest at the rate set by law; and
- F. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Javier Perez
JAVIER PEREZ
Texas Bar No. 24083650
javier@javierperezlaw.com
**PEREZ LAW PLLC**
3400 Carlisle Street, Suite 202
Dallas, Texas 75204
214-499-0667 / 214-550-2566 (Facsimile)
**ATTORNEY FOR PLAINTIFF**

**Kristina N. Kastl**
State Bar No. 24025467
Email: eservice@kastllaw.com
Email: kkastl@kastllaw.com
4144 North Central Expressway, Suite 1000
Dallas, Texas 75204
Phone: (214) 821-0230
Fax: (214) 821-0231

**ATTORNEY FOR PLAINTIFF**

***Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.**

**Service is only effectuated if it is served through our eservice@kastllaw.com email. Any other Kastl Law, P.C. email is considered ineffective service.**